**United States District Court**
For the Northern District of California

1

2

3                                                    ***E-FILED 11/13/06***

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                             SAN JOSE DIVISION

9   AGNES SUEVER, ET AL.,                          NO. C 03-00156 RS

10                Plaintiffs,              **ORDER ON MOTION FOR**
                                          **JUDGMENT ON THE**
11       v.                               **PLEADINGS**

12  KATHLEEN CONNELL, ET AL.,

13                Defendants.

14  _____/

15

16                            I.  INTRODUCTION

17          This action concerns the constitutionality of California's treatment of unclaimed property.  In

18  November of 2003, this Court granted defendants' motion to dismiss the action, without leave to

19  amend, based largely on the conclusion that the Eleventh Amendment to the United States

20  Constitution barred the claims alleged.  On appeal, the Ninth Circuit determined that the complaint

21  included allegations that, if proven, "would amount to ongoing violation[s] of federal law," and that

22  are therefore cognizable. *Suever v. Connell*, 439 F.3d 1142 (9th Cir. 2006). The Ninth Circuit

23  expressly listed certain types of relief sought in the complaint as barred by the Eleventh

24  Amendment, but chose to "leave it to the district court upon remand to determine which types of

25  requested relief are permissibly prospective" and which would be impermissible.

26          Defendants now move for judgment on the pleadings, seeking a determination that all but

27  plaintiff's section 1983 claims are barred by the Eleventh Amendment or on other grounds.  Based

28  on the parties' briefing, the argument of counsel, and the record herein, the motion will be granted in

                                         1

1   part, and denied in part.

2

3                                    III.  DISCUSSION[1]

4       1.  <u>Effect of Circuit Court Ruling</u>

5           Defendants contend that the Ninth Circuit decision "left much of this Court's [prior] ruling

6   intact."  Plaintiffs disagree, pointing to the fact that the Ninth Circuit "vacated" this Court's prior

7   order rather than using language suggesting it only intended to "reverse the District Court to the

8   extent inconsistent with this opinion."  In a technical sense, plaintiffs are correct; this Court's prior

9   order has been vacated *in toto*–it no longer has any legal force or effect *per se*.  Nevertheless, the

10  Ninth Circuit's ruling that the order be vacated cannot be read in a vacuum.  The Court of Appeals

11  provided a reasoned opinion explaining precisely where this Court had erred–and where it did not, as

12  well as expressly leaving open some questions for further consideration on remand.  Plaintiffs

13  understand this; they openly acknowledge that some portions of their claims cannot now proceed.

14          Defendants argue that any portion of this Court's prior ruling not expressly rejected or called

15  into question by the Ninth Circuit's opinion is now "law of the case." Under the "law of the case"

16  doctrine, "a court is generally precluded from reconsidering an issue that has already been decided

17  by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th

18  Cir. 1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion.

19  *Arizona v. California*, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law

20  of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has

21  occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist;

22  or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case

23  absent one of the requisite conditions constitutes an abuse of discretion. *Thomas v. Bible*, 983 F.2d at

24  155.

25          With these principles in mind, the Court's task is to follow the guidance of the Ninth

26  Circuit's opinion in this action, as well as its other precedents, as conscientiously as possible.  Even

27  _____

28          [1]  The factual background of this action has been discussed thoroughly in the Court's prior
    order as well as in the Ninth Circuit's opinion and will not be repeated here.

United States District Court
For the Northern District of California

though the Court's prior order in this action has been "vacated," to the extent that nothing in the Ninth Circuit's opinion or other changed circumstances call for a different result, the result will be the same.[2]

2. <u>Individual Defendants' Liability</u>

Both sides devote substantial briefing to the question of whether the individual defendants are entitled to "qualified immunity." The parties' discussions of the issue, however, tend to conflate a host of different concerns. "Qualified immunity" is a concept that has little applicability except in the context of determining whether the individual defendants can be held liable in *damages.* It is not entirely clear from plaintiffs' briefing whether they believe they are entitled to the relief requested from the individual defendants. To the extent they may so contend, the Court agrees with defendants that there is no basis to impose such individual liability. This Court previously found that "plaintiffs' claims are properly characterized as claims which seek money damages against the State rather than as claims for money damages against individual defendants." Although the Ninth Circuit held that this Court erred in not recognizing that elements of the relief sought by plaintiffs are *not* impermissible damages claims, nothing in its opinion suggested that plaintiffs have stated a damages claim against the individual defendants. Rather, the Ninth Circuit remanded to permit plaintiffs to pursue their claims for (1) return of their property; (2) "prospective relief" (such as injunctions) to remedy any "ongoing violation[s] of federal law"; and (3) any other form of relief determined on remand to be "permissibly prospective" as opposed to something that "would impermissibly be 'in practical effect indistinguishable in many aspects from an award of damages against the State.' " *Suever* at 1148.

Accordingly, the Court concludes, as it did before, that there is no cognizable claim against the individual defendants (in their individual capacities or otherwise) for damages. That being said, however, defendants' apparent contention that there are no viable claims against any of the

---

[2] As they did in the prior motion to dismiss, both sides have requested the Court to take judicial notice of numerous documents. The submitted materials are either not proper subjects for judicial notice, are legal authorities that can be considered without formal judicial notice, or are not germane to the issues to be decided, as will be reflected in the following discussion. Accordingly, each sides' request for judicial notice is denied.

United States District Court
For the Northern District of California

defendants in their "individual capacities" is not accurate.[3]  Where a state official commits an "*ultra vires*" act, or when he or she takes unconstitutional action even when acting *within* his or her authority, there is a basis for "specific relief against the officer *as an individual.*" *Taylor v. Westley*, 402 F.3d 924, 933 (9th Cir. 2005) (quoting *Malone v. Bowdoin*, 369 U.S. 643, 647 (1962) (emphasis added.)).

Under these circumstances, whether the claims are against the defendants in their "official" or "individual" capacities makes no practical difference with respect to defendants who are presently state officials.[4] As to former State Controller Kathleen Connell, and George DeLeon, a former state employee responsible for providing notice under the unclaimed property program, however, the lack of a viable damages claim or other retrospective relief mandates their dismissal from this action.

Finally, defendants argue that even to the extent that the complaint could be read as stating damages claims against any of the individual defendants, they have established that they are entitled to qualified immunity on the facts alleged.  Defendants cite *Sommers v. Thurman*, 109 F.3d 614, 617 (9th Cir. 1997) for the proposition that qualified immunity is measured under a two part test that first asks "whether the law governing the official's conduct was clearly established." *Sommers*, however, predates the United State's Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194 (2001), which expressly rejected the Ninth Circuit's use of the analytical framework described in *Sommers*.  *See Saucier*, 533 U.S. at  199 (quoting the Ninth Circuit's two part test); and see *Katz v. United States*, 194 F.3d 962, 967 (the Ninth Circuit opinion under review in *Saucier*) (citing *Sommers*).

In place of the *Sommers* test, the Supreme Court requires that a court evaluating a claim of qualified immunity *must* first consider whether there is a constitutional violation on the facts alleged. 53 U.S. at 201.  The court expressly instructed that lower courts are not to "skip ahead" to the question of whether the law was "clearly established" at the time of the alleged violation.  *Id.*

---

[3]  Defendant's precise contentions on this topic are not entirely clear.  Defendants use some language that suggests that they only seek a ruling that "retrospective relief" is unavailable against the defendants in their individual capacities. See, e.g. Motion at 6:21-23.

[4]  Defendants' arguments regarding qualified immunity would not preclude such injunctive relief, if otherwise warranted.  The Ninth Circuit has already held that plaintiffs have alleged facts, which if proven, could support an injunction against ongoing violations of federal law.

United States District Court

For the Northern District of California

1  Although the intent of the *Saucier* court appears to have been to permit *more* claims for qualified

2  immunity to be resolved prior to trial, its clear language forbids the approach defendants are urging

3  here.  Because the parties have not directly addressed the first step of the analysis required under

4  *Saucier*, the claim of qualified immunity can not be resolved at this juncture.  In view of the

5  conclusion that no damage claims lie against the individuals, however, the existence or non-existent

6  of qualified immunity is not directly implicated, except as a possible alternative basis for the result.

7      3.  State law claims

8      In its prior order, the Court acted under 28 U.S.C. § 1367 (c) (3) to dismiss all of the pendant

9  state law claims, given its dismissal of the federal claims.  As defendants acknowledge, dismissal

10  under that provision is no longer appropriate.  Defendants urge the Court instead to dismiss the state

11  law claims for lack of jurisdiction, or in the alternative, to decline to exercise jurisdiction for

12  prudential reasons under either subparagraph (2) or (4) of 28 U.S.C. § 1367 (c) (3).

13      The Ninth Circuit's ruling herein is straightforward: "where the relief is premised solely on

14  the State's compliance with state law," the relief is "clearly barred by the Eleventh Amendment."

15  *Suever*, 439 F.3d at 1148. The amended complaint, unfortunately, is less simple, and is replete with

16  argument and legal conclusions as well as allegations of fact.  Despite some labels, the various

17  "claims for relief" are not entirely segregable into "state law" claims and "federal" claims to the

18  degree suggested by defendants.

19      Additionally, while plaintiffs cannot obtain relief in this action "premised solely on state

20  law," that does not mean that state law and defendants' compliance or non-compliance therewith

21  will necessarily be wholly irrelevant.   For example, as the Ninth Circuit noted in *Taylor*, federal

22  due process violations may arise on these facts as a result of defendants' failure to follow state law,

23  rather than from constitutional infirmities in the state law. "[T]he district court could declare the

24  notice practices of the Controller unconstitutional and enjoin the Controller *to conform to the state*

25  *statute on notice* . . . ."  *Taylor*, 402 F.3d at 936 (emphasis added.)

26      A motion for judgment on the pleadings is an unwieldy tool for editing a complaint as prolix

27  as the one here, where the pleaded facts and legal theories overlap and intertwine to a significant

28  degree.  The Court declines to rule that any of the particular numbered "claims for relief" are

5

1   necessarily wholly barred.  That said, the Court agrees with defendants that it lacks jurisdiction over

2   any claim seeking to enforce state law where the effort to do so is based on anything other than an

3   alleged federal constitutional right held by plaintiffs.[5]

4       4 .  Claims of Plaintiffs Whitley and Keith

5       Defendants seek dismissal of the claims of named plaintiffs Whitley and Keith by arguing

6   that those plaintiffs must proceed, if at all, under the California Public Records Act.   Defendants

7   have failed to show, however, that compliance with any statutory requirements that exist for

8   pursuing an action under that Act is a prerequisite to bringing a federal court action seeking a

9   remedy for the violation of  federal constitutional rights.

10      5.  Interest

11      Defendants request a ruling that any claims for "interest" are necessarily a form of

12  impermissible, retroactive, damages that plaintiffs cannot recover in this action.  Plaintiffs argue that

13  because the money held by the state has at all times remained the property of plaintiffs, the interest

14  that has accrued on that money is also the property of plaintiffs.  The determination of whether

15  "interest" is properly characterized as part of plaintiff's property or as impermissible damages

16  ultimately will be predominately a legal question.  That said, it may also turn to some degree on

17  facts such as the nature of the property originally turned over to the state, how the property–or

18  proceeds from the property–has been held, possibly whether the property was earning interest *prior*

19  to the time it was turned over to the state, and perhaps the extent to which funds held by the state

20  have *actually* earned interest from sources other than the state itself.[6]   Neither the present record

21  nor the briefing on the issue is sufficient to permit a determination as a matter of law at this juncture

22  that plaintiffs will not be able to recover interest in this action.  The motion for judgment on the

23  pleadings as to this issue will therefore be denied without prejudice to defendants' right to raise the

24

25      [5]  Because plaintiffs will not be permitted to pursue claims grounded solely on state law, the
26  Court need not reach defendants' additional argument that plaintiffs lack Article III standing to bring
    such claims in federal court or that the statute of limitations bars those claims.

27      [6]  For example, if the state deposited any of the funds in interest bearing accounts, there
28  arguably would be stronger grounds for contending that the interest is not "damages" payable from
    the state's general fund.

United States District Court

For the Northern District of California

1   point again, by summary judgment or otherwise.

2

3                                     III.  CONCLUSION

4          Individual defendants Connell and De Leon will be dismissed.   Plaintiffs are not entitled to

5   pursue any claims in this action founded solely on alleged violations of state law.  Except to the

6   extent stated above, the motion for judgment on the pleadings is denied.

7

8          IT IS SO ORDERED.

9   Dated: November 13, 2006                        _____
                                                     RICHARD SEEBORG
10                                                   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
    C 03-00156 RS
                                                7

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James C. Harrison     jharrison@rjp.com, abrandt@rjp.com

Robin Bradle Johansen     rjohansen@rjp.com, lfien@rjp.com

William Wayne Palmer     wmwpalmer@aol.com, dculhane@dim.com

Margaret R. Prinzing     mprinzing@rjp.com, lfien@rjp.com

Thomas A. Willis     twillis@rjp.com, lfien@rjp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/13/06**                                 **Chambers of Judge Richard Seeborg**

                                                **By:**          **/s/ BAK**

United States District Court
For the Northern District of California

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
C 03-00156 RS

8