*E-FILED 10/26/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES SUEVER, et al.,<br><br>          Plaintiffs,<br>     v.<br><br>KATHLEEN CONNELL, et al.,<br><br>          Defendants. | NO. C 03-00156 RS<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND DENYING MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiffs move for imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers. Plaintiffs also move to certify two plaintiff classes in this action. For the reasons set forth below, the motion for sanctions is denied and the motion for class certification is denied without prejudice.

1

## II. DISCUSSION[1]

A. <u>Motion for sanctions</u>

Rule 11 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The gravamen of plaintiffs sanction's motions is their contention that defendants presented *legal* arguments in opposition to plaintiffs' motion for partial summary judgment that were untenable in light of the Ninth Circuit's prior rulings in this case and a related case. *See Suever v. Connell*, 439 F.3d 1142 (9th Cir. 2006); *Taylor v. Westley*, 402 F.3d 924, 933 (9th Cir. 2005) (*Taylor I*); *Taylor v. Westley*, 488 F.3d 1197 (9th Cir. 2007) ("*Taylor II*"). Even if that is so, it does not implicate subparagraphs (3) or (4) of Rule 11, both of which relate to *factual* allegations.[2] Subparagraph (1) of the rule arguably reaches pleadings containing untenable legal arguments, if presented to "harass" to "delay" or to cause "needless increase in the cost of litigation." There is no dispute, however, that defendants were entitled to file an opposition to plaintiffs' motion for partial summary judgment. Plaintiffs do not contend that the issues were so clear that defendants were

---

[1] The factual background of this action has been discussed thoroughly in the Court's prior orders as well as in the Ninth Circuit's opinion herein and will not be repeated here.

[2] Plaintiffs suggest that defendants' briefing *misrepresents* or *mischaracterizes* the factual record. Assuming the accuracy of that contention solely for the purposes of this motion, it still does not rise to the level of unsupported or false allegations of fact contemplated by the rule.

2

obligated to stipulate to entry of judgment; to the contrary they expressly acknowledge that they, "do not contend that it was sanctionable to file an Opposition to Plaintiffs' Motion for Partial Summary Judgment." Regardless of how perturbed plaintiffs may have been by any of the arguments in that brief, however, it cannot be said that it was harassing, caused delay, or increased the costs of litigation.  Plaintiffs took on the costs of responding to whatever opposition brief might be filed when they filed their motion.  To the extent they believed the arguments in the opposition to be foreclosed by prior Ninth Circuit rulings or otherwise frivolous, that only made their task on reply easier, not more difficult.

That leaves subparagraph (2) of Rule 11, which prohibits a party from asserting any "defense" or "legal contention" unless "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  As reflected both in this Court's order denying plaintiffs' application for a temporary restraining order and in the more recent order granting in part and denying in part plaintiffs' motion for partial summary judgment, the opposing parties each misapprehend the significance of the rulings in *Suever*, *Taylor I*, and *Taylor II*.   For their part, plaintiffs overreach in claiming that those decisions effectively preclude any further dispute as to the legality of defendants' prior conduct, or their right to defend themselves on the merits.  Conversely, defendants made arguments in opposition to plaintiffs' motion for partial summary judgment that were problematic because: (1) even though the *Suever*, *Taylor I*, and *Taylor II* decisions were based on *allegations* or a *preliminary*  evidentiary record, defendants failed to acknowledge that they largely had not disputed the central facts upon which those decisions rested, and; (2) to the extent defendants argued *Suever*, *Taylor I*, and *Taylor II* were wrongly decided, this was not a court that could entertain those contentions.

Rule 11 is structured primarily to prevent parties from having to respond to frivolous claims and to prevent courts from being misled as to the facts.  It is always the duty of the Court to determine what the law and controlling precedent requires. To be sure, attorneys have a duty under Rule 11 not to make frivolous or misleading legal arguments, and doing so can be sanctionable under some circumstances.  Here, however, defendants had every right to argue that  the *proven* facts

3

established no constitutional violation, regardless of what the Ninth Circuit may have said based on allegations or a preliminary record.[3] While defendants may have failed to acknowledge fully the significance of the Ninth Circuit's consideration of the same basic facts as those at issue here, and while some of their arguments appeared to request this Court to conclude that the Ninth Circuit had erred, nothing in their briefing amounts to anything approaching sanctionable conduct.

The conclusion is no different under 28 U.S.C. § 1927, or the Court's inherent powers. The motion for sanctions is therefore DENIED.

### B. Motion for class certification

Plaintiffs move to certify two overlapping classes: (1) a class consisting of all persons whose property was "seized in violation of [their] Due Process Rights," and (2) a class consisting of all persons who have not been or will not be paid interest when their claims were or are paid under the Controller's past, present, or intended future practices. Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation. A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). The plaintiff bears the burden of demonstrating the requirements of Rule 23(a) are satisfied. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (1992).

#### 1. Class 1

At the hearing, plaintiffs candidly admitted that the precise scope of Class 1 remains to be defined. It appears that plaintiffs contend they may be entitled to some or all of at least three basic forms of relief: (1) *prospective* injunctive relief as to the form of notice the Controller must give prior to taking possession of property under the UPL and with respect to notice given after taking

---

[3] Notably, the Court has also now ruled that plaintiffs are not entitled to partial summary judgment on the issue of the constitutionality of defendants' prior notice practices under the UPL, whether or not those prior practices were lawful.

4

possession of property, or both; (2) *remedial* relief in forms *other* than cash payments, designed to compensate for the alleged failure to give constitutional notice in the past, such as specific efforts to find and give notice to potential claimants, and; (3) remedial relief in the form of "restitution" that may involve cash payments, but that would not be characterized as "damages."[4]

Plaintiffs contend that defendants' opposition to this motion is replete with contradictory arguments and positions that conflict with those taken by the Controller in other litigation. Whether or not any arguable contradictions exist in the manner in which defendants have *articulated* their arguments, they appear to be making the following main two points, in the *alternative*.

*First*, to the extent that plaintiffs seek prospective injunctive relief to require the Controller to comply with federal law in giving notice, defendants contend that any ruling in plaintiffs' favor necessarily would inure to the benefit of all putative class members. Under these circumstances, defendants contend, there is no reason to burden the parties or the Court with the expenses and procedures that certifying a class would entail.

*Second*, to the extent plaintiffs seek *remedial* relief, whether involving the payment of cash or simply requiring the Controller to make efforts to locate and give notice to persons whose property is in his possession, defendants argue that such relief is foreclosed by the Eleventh Amendment, the decision in *Suever*, the Court's ruling on the motion for judgment on the pleadings, or some combination thereof.

Plaintiffs' argument that class certification is an appropriate mechanism with respect to their claims for prospective injunctive relief fails because they have made no showing that any requirements imposed by this Court as to what the Controller must do in the future would not inure

---

[4] The *Suever* opinion has affirmed that the Eleventh Amendment precludes plaintiffs from recovering either actual damages or any recovery that "'would impermissibly be 'in practical effect indistinguishable in many aspects from an award of damages against the State.'" *Suever*, 439 F.3d at 1148.

5

1  to the benefit of all putative class members, or prejudice those persons' individual rights.[5]  Not only
2  is class certification unnecessary to vindicate the rights claimed by plaintiffs for themselves and the
3  putative class, it appears it would in fact be cumbersome and counterproductive to attempt to overlay
4  a class action mechanism on the future operation of the UPL, which itself is a system for, among
5  other things, giving notice to the putative class and for handling claims.

6  As to plaintiffs' claims for *remedial* relief, however, monetary or non-monetary, they appear
7  to be on more solid ground that certification of a class under Rule 23(b)(2) of the Federal Rules of
8  Civil Procedure *might* be appropriate, at least in theory. That rule provides, in relevant part, that
9  class certification may be appropriate where, "the party opposing the class has acted or refused to act
10 on grounds generally applicable to the class, thereby making appropriate final injunctive relief or
11 corresponding declaratory relief with respect to the class as a whole."

12 Nevertheless, at this juncture, substantial questions exist as to whether the Court even has
13 jurisdiction to grant the kinds of remedial relief plaintiffs seek.  Plaintiffs may be correct that
14 defendants could have sought to resolve those questions by dispositive motion at an earlier time;
15 conversely, however, by plaintiffs' own admission the scope of their proposed class cannot be
16 settled until these issues are resolved,  Accordingly:

17 1. Plaintiffs' motion for certification of "class 1" is DENIED, insofar as they request
18 certification of a class to seek prospective injunctive relief.

19 2.  Plaintiffs' motion for certification of "class 1" is DENIED, *without prejudice*, insofar as
20 they request certification of a class to seek remedial relief, monetary or otherwise.

21 3. Within 25 days of the date of this order, defendants shall file a dispositive motion seeking

---

[5] The Ninth Circuit's decision in *Zepeda v. INS*, 753 F.2d 719 (9th Cir.1983) does not call for a different conclusion.  The *Zepeda* court cautioned against improperly extending injunctive relief to benefit other than named plaintiffs absent class certification, but acknowledged that in some cases plaintiffs can seek relief that necessarily will benefit others even without class certification. *See Zepeda*, 753 F.2d at 728 n.1.  *See also Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-1502 (9th Cir. 1996) (distinguishing *Zepeda* and approving injunction extending to all persons even absent class certification, as being only practical way to give relief to named plaintiffs); *Bresgal v. Brock*, 843 F.2d 1163 (9th Cir.1987) (similarly distinguishing *Zepeda*).  Here, plaintiffs seek (and have already prompted some) changes to the UPL itself that necessarily will be applied to all persons, not just the named plaintiffs.

6

an adjudication of whether plaintiffs may pursue: (a) non-monetary remedial relief based on the alleged past failure of the Controller to comply with constitutional due process requirements prior to taking possession of property under color of the UPL, or (b) monetary relief, whether denominated as "restitution" or otherwise, for the same alleged wrongs.

4. In the event defendants' motion is denied in whole or in part, the Court will set a schedule for any further briefing it may determine is appropriate in connection with considering a renewed motion for certification of class 1.

2. Class 2

In 2003, the UPL was amended to provide that the Controller would not pay interest on any property returned to owners. The record is not entirely clear as to whether plaintiffs may also be asserting claims that at least some of them, or some putative class members, did not receive interest for claims made at a point in time when the UPL *did* provide for the payment of interest.

On October 12, 2007, the Court issued an order on plaintiffs' motion for partial summary judgment concluding, among other things, that California may not lawfully withhold interest when it returns property to owners that it took into its possession under the color of the UPL. The Controller has advised the Court that although he intends to comply with any and all final and binding orders of this Court, that decision leaves him in a quandary, because even the recently-enacted revisions to the UPL do not provide for the payment of interest, and nothing in the decision specified the *rate* of interest to be paid. Additionally, the Controller is seeking leave to file a motion for reconsideration of the October 12, 2007 Order.[6]

Although the Court likely could adjudicate the question of whether a particular rate of interest was constitutionally *adequate,* there is no apparent basis on which to conclude any specific rate of interest is constitutionally required. Certainly, the motion presented to the Court that resulted in the October 12, 2007 Order sought no such determination.

---

[6] The Court will address that request by separate order.

7

That said, it is apparent that if the Court's October 12, 2007 Order stands, there will be a class of people who did not receive interest on claims for return of their property made between 2003 (or earlier) and such time as the Controller may resume paying interest. It is further apparent that even though injunctive relief requiring payment of interest on *future* claims would inure to the benefit of all putative class members, that would not serve to restore interest to persons who were previously denied it.

Nevertheless, given the uncertainties as to when such a class period began and will end, particularly in light of the issues the Controller seeks to raise in his motion for reconsideration, granting class certification would be premature at this juncture, even assuming the other requirements for class certification have been satisfied. Accordingly, the motion is DENIED as to class 2, without prejudice. Upon disposition of defendants' motion for reconsideration or at such other time as it may appear these issues have been adequately resolved, the Court will set a schedule for any further briefing it may determine is appropriate in connection with considering a renewed motion for certification of class 2.

### III. CONCLUSION

For the reasons set out above, the motion for sanctions is denied and the motion for class certification is denied without prejudice. Defendants shall file a dispositive motion as specified above.

IT IS SO ORDERED.
Dated: October 26, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 03-00156 RS

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James C. Harrison     jharrison@rjp.com, kkrogseng@rjp.com

Robin Bradle Johansen     rjohansen@rjp.com, kkrogseng@rjp.com

William Wayne Palmer     wmwpalmer@aol.com, aleks.chern@inbox.com, dculhane@dim.com

Margaret R. Prinzing     mprinzing@rjp.com, jball@rjp.com

Thomas Andrew Willis     twillis@rjp.com, kkrogseng@rjp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 9/26/07**                                                        **Chambers of Judge Richard Seeborg**

**By:     /s/ BAK**

ORDER
C 03-00156 RS

9