*E-FILED 11/6/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES SUEVER, et al., | NO. C 03-00156 RS |
| Plaintiffs, | **ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION** |
| v. | |
| KATHLEEN CONNELL, et al., | |
| Defendants. | |

Defendants seek leave to file a motion for reconsideration of this Court's determination on October 12, 2007, that the State of California is constitutionally obligated to pay interest when returning money to claimants under the state's Unclaimed Property Law ("UPL"). Civil Local Rule 7-9 echoes case law as to when reconsideration is appropriate. It provides that a party may seek reconsideration if the party "specifically shows":

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, defendants contend that reconsideration is warranted for any or all of the four following reasons:  (1) the Court mistakenly believed that California has now amended the UPL to provide for interest to be paid on claims made; (2) a recent federal district court decision, issued before this Court's decision, but not recognized as significant by defendants until later,  reaches a result contrary to the conclusion of this Court, (3) this Court erred in concluding that any of the named plaintiffs in this action have standing to challenge defendants' alleged non-payment of interest, because all of the named plaintiffs received interest and; (4) the Controller cannot determine what *rate* of interest he must pay under the Court's order, given the lack of statutory authority to pay any interest at all.

Defendants are correct that the Court's October 12th Order stated that "the UPL has apparently now been amended to restore claimants' entitlement to interest," but that statement was made only in the context of rejecting any potential argument that the interest question was moot. See October 12th Order at 7:21-23.  Even though the UPL has *not* yet been amended to provide for interest payments, that has no bearing on the analysis of whether interest may be constitutionally withheld.

Defendants' contention that reconsideration is warranted in light of *Simon v. Wiessman*, 2007 WL 2461707 (E.D. Pa. Aug. 27, 2007), is both too late and unavailing on the merits.  *Simon* is at most cumulative to the state cases on which defendants relied, albeit a sister federal decision.  It is not binding.  For the same reasons that the Court declined to follow *Sogg v. Ohio Dept. of Commerce*, 2007 WL 1821306 (Ohio App. 2007), it cannot follow *Simon*.  The issue presented in this case is not whether, hypothetically, a state could choose to treat interest as permanently escheated while holding principal in a custodial capacity only.  The Ninth Circuit has expressly held that California's UPL establishes only a custodial system–that it is *not* true escheat.  *See, e.g., Taylor v. Westley*, 402 F.3d 924, 931 (9th Cir. 2005) ("the money, even if in the general fund, is not held free and clear by the State of California, but subject to retransfer if the property is later found not to be permanently escheated.")  Having unequivocally declared that it is holding the property on behalf of its true owner, the state cannot thereafter constitutionally refuse to return interest that is, under

2

long established common law principles, *part* of that property, at least without a clearly delineated statutory scheme that, with adequate due process protections, justifies permanent escheat of the interest.

Defendants' contentions that no named plaintiff was denied interest or that the Court improperly shifted the burden to them to establish a lack of standing is not borne out by the record. First, defendants acknowledge that plaintiff Agnes Suever (now deceased) was not paid interest when she reclaimed her property. Defendants argue that Suever *would* have received interest, had she made her claim to the Controller, rather than to the account holder. Defendants have not, however, suggested that if Suever's representatives make a claim for interest now that the Controller will pay it.

Furthermore, named plaintiff Richard Valdes is alleging that the Controller has failed even to acknowledge that it is holding his property, much less return principal *or* interest. Defendants argue that Valdes's claim lacks *merit*, citing his deposition testimony to the effect that it is "possible" his memory is innacurate. Whether or not Valdes is likely to prevail, however, is a separate question from standing. There appears to be no dispute that were Valdes to prove the Controller *does* hold his property, the Controller would willingly return the principal but would *not* pay interest absent a Court order or amendment of the UPL. That is sufficient to establish standing in support of the Court's October 12th Order.[1]

Finally, the Controller's argument that he cannot determine what *rate* of interest to pay is not a basis for reconsideration of the merits of the October 12th Order. As the Court observed in its order on plaintiffs' motion for class certification:

> Although the Court likely could adjudicate the question of whether a particular rate of interest was constitutionally *adequate,* there is no apparent basis on which to conclude any specific rate of interest is constitutionally required. Certainly, the motion presented to the Court that resulted in the October 12, 2007 Order sought no such determination.

---

[1] Defendants also complain that they should have been permitted further discovery directed at showing the named plaintiffs' claims to be barred by the statute of limitations. That is not a basis for reconsideration.

3

The Controller may be entitled to file a motion seeking a determination from the Court that a particular rate of interest is constitutionally adequate, but that would not involve "reconsideration" of the October 12th Order. Accordingly, defendants' motion for leave to seek reconsideration is DENIED, without prejudice to any motion defendants may bring with respect to the rate of interest that should be paid. By separate order to be issued in due course, the Court will advise the parties as to any further proceedings regarding plaintiffs' requests to certify a class with respect to recovering interest on previously-paid claims.

IT IS SO ORDERED.

Dated: 11/6/07

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 03-00156 RS

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James C. Harrison     jharrison@rjp.com, kkrogseng@rjp.com

Robin Bradle Johansen     rjohansen@rjp.com, kkrogseng@rjp.com

William Wayne Palmer     wmwpalmer@aol.com, aleks.chern@inbox.com, dculhane@dim.com

Margaret R. Prinzing     mprinzing@rjp.com, jball@rjp.com

Thomas Andrew Willis     twillis@rjp.com, kkrogseng@rjp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/6/07**                                                      **Chambers of Judge Richard Seeborg**

                                                                        **By:      /s/ BAK**

ORDER
C 03-00156 RS

5