**\*E-Filed 06/02/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES SUEVER, et al., | No. C 03-00156 RS |
| Plaintiff, | **ORDER RE REQUEST FOR CONTINUANCE** |
| v. | |
| KATHLEEN CONNELL, et al., | |
| Defendants. | |

On May 30, 2010, plaintiffs filed a "Motion to Suspend the Hearing on Defendants' Motion for Summary Judgment or in the Alternative to Continue the Hearing on the Motions for Summary Judgment." The notice of motion, filed as a separate document in contravention of Civil Local Rule 7-2(b), stated that the motion would be heard on January 30, 2008, in this Court's former courtroom in San Jose. On June 2, 2010, plaintiffs re-filed all of their motion papers, this time omitting any mention of a hearing date, but apparently expecting the Court to take up the matter immediately.

Thereafter, plaintiffs re-filed substantially all of the same papers yet again, but this time labeled as a motion for an order shortening time, under Civil Local Rule 6-3. Although the motion

contains virtually none of the information generally required in a Rule 6-3 motion,[1] the Court will address it on an expedited basis.

Plaintiffs correctly note that there is some precedent for seeking a continuance under Rule 56(f) in lieu of filing an opposition,[2] but the Court has previously expressly explained in this case its view that such requests should be submitted in conjunction with such opposition on the merits as a party may be able to offer even without a continuance. Indeed, the Court effectively denied pre-opposition Rule 56 requests brought at different times in this action by both plaintiffs and by defendants. See Order filed April 1, 2008, at 10:5-11:7 for details regarding prior Rule 56(f) requests.

Additionally, plaintiffs assert that they need additional discovery to demonstrate that the current version of California's Unclaimed Property Law is "unconstitutional as applied."[3] A plaintiff may not avoid summary judgment by relying on claims not pleaded in the complaint. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("'Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.'") As prolix and wide-ranging as the complaint in this action may be, it was last amended in 2003, and cannot reasonably be construed as stating a claim that the "entirely new statutory procedure"[4] promulgated by the State in 2008 is unconstitutional as applied.[5] The relevance of the discovery described in the continuance request therefore appears doubtful, at best. Accordingly, the request for a continuance is denied.

---

[1] See Rule 6-3(a)(1)-(6).

[2] *See Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 534 (5th Cir. 1999).

[3] The Ninth Circuit rejected any facial challenge to the law but observed that it was not making a "definitive adjudication of the constitutionality of the new law and administrative procedure." *Taylor v. Westly*, 525 F.3d 1288, 1289-90 (9th Cir. 2008).

[4] *Taylor v. Westly*, 525 F.3d at 1289.

[5] Among other things, it is not even clear that any of the named plaintiffs would have standing to challenge application of the current law, given that their claimed injuries occurred under the prior law.

IT IS SO ORDERED.

DATED: 06/02/2010

_____
RICHARD SEEBORG
United States District Judge

**United States District Court**
For the Northern District of California