*E-Filed 08/06/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGNES SUEVER, et al.,<br><br>        Plaintiff,<br>v.<br><br>KATHLEEN CONNELL, et al.,<br><br>        Defendants.<br>_____/ | No. C 03-00156 RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' RENEWED REQUEST FOR A CONTINUANCE, AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS** |

      This is a putative class action originally brought in 2003 to challenge the constitutionality of the version of California's Unclaimed Property Law, ("UPL") then in effect, as well as various practices that plaintiffs contended violated that law even as written. Plaintiffs' counsel concurrently was pursuing a related action in the Eastern District of California on behalf of different named plaintiffs, but with a largely overlapping putative class. After a series of appellate rulings in the two cases, the State of California ultimately revised the UPL and many of its practices.

      In 2008, plaintiffs and defendants each took interlocutory appeals in this action. During those appeals, plaintiffs represented to the Ninth Circuit that although the order that was the subject of its appeal had not technically disposed of the entire case, it would, if affirmed, "effectively bring[] this matter to a close." The Ninth Circuit in fact affirmed the order plaintiffs were challenging. On remand thereafter, plaintiffs took the position that at least 15 enumerated issues remained to be decided herein, despite their prior representation to the Ninth Circuit. The parties

jointly proposed to bring cross-motions for summary judgment to resolve those matters, and ultimately stipulated to a briefing schedule for those motions. (See Dkt. No. 306.)

Defendants timely filed their summary judgment motion pursuant to that stipulation. Shortly before plaintiffs' opposition and cross-motion was due, however, plaintiffs filed a motion seeking a continuance to allow for further discovery, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. The Court denied that motion, explaining as it had on previous occasions in this litigation, that plaintiffs should file such substantive opposition as they might have to defendants' motion for summary judgment, and seek a continuance under Rule 56(f) only as an alternative should that opposition be insufficient.

The Court further observed that the additional discovery plaintiffs were seeking appeared to go only to the question of whether the *current* version of the UPL is unconstitutional as applied. Because the complaint in this action was last amended in 2003, it cannot reasonably be construed as stating a claim that the "entirely new statutory procedure"[1] enacted by the State in 2008 is unconstitutional as applied. Given that a plaintiff may not avoid summary judgment by relying on claims not pleaded in the complaint, *Wasco Prods., Inc. v. Southwall Techs., Inc*., 435 F.3d 989, 992 (9th Cir. 2006) the discovery plaintiffs sought a continuance to obtain did not appear to have any bearing on this motion.

Plaintiffs then failed to oppose defendants' motion or to file their own cross-motion for summary judgment. Instead, they informally advised the Court of their wish to dismiss this action without prejudice, but at no time thereafter have they moved to do so. On June 30, 2010, the Court issued an order re-setting the hearing on defendants' motion for summary judgment, but advising the parties that the matter would be submitted without oral argument pursuant to Civil Local Rule 7-1(b). One day prior to the nominal hearing date, plaintiffs re-filed their request for a continuance, containing no substantive changes from the motion that had previously been denied. For the same reasons stated in the Court's prior order dated June 2, 2010, that request for a continuance must be denied.

---

[1] *Taylor v. Westly*, 525 F.3d 1288, 1289 (9th Cir. 2008).

2

Defendants' motion for summary judgment will be granted. As defendants point out, plaintiffs' failure to offer substantive opposition to the pending summary judgment motion may in itself provide a sufficient basis to grant it. See *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*).[2] Additionally, an opposing party's failure to "set forth specific facts showing that there is a genuine issue for trial," warrants granting summary judgment. *Beard v. Banks*, 548 U.S. 521, 534 (2006) (quoting Fed. Rule Civ. Proc. 56(e)). Even assuming plaintiffs' failure to oppose does not alone warrant granting the motion, however, defendants have met their burden to show that summary judgment is appropriate.

1. *Claims relating to notice*

To the extent plaintiffs intend to challenge the adequacy of the notice provisions of the current UPL, (a) their complaint does not reach the current statute, and (b), the Ninth Circuit has found the current statute to be facially valid. *Taylor v. Westley*, 525 F.3d 1288, 1289 (9th Cir. 2008) (*Taylor III*).[3] Any claims plaintiffs may wish to assert as to the adequacy of notice in the past are foreclosed by the Eleventh Amendment. *See Taylor v. Westley*, 402 F.3d 924, 935 (9th Cir. 2005) (*Taylor I*); *Suever v. Connell*, 579 F.3d 1047, 1058-59 (9th Cir. 2009) (*Suever II*).

2. *Claims relating to payment of interest.*

These claims are foreclosed by the decision in *Suever II.*

3. *Takings Clause claims.*

These claims are foreclosed by the decision in *Taylor I* and/or the Eleventh Amendment.

4. *Federal Securities Law claim.*

These claims are not sufficiently well-developed to discern their precise nature, but the bar on retroactive relief under the Eleventh Amendment is sufficient to foreclose them.

---

[2] In *Ghazali*, however, the district court had an express local rule providing that failure to oppose a motion could be deemed as consent to it being granted, and the appellate court affirmed on the basis that it was not an abuse of discretion to dismiss for failure to comply with the local rules. This district does not have a local rule that failure to oppose constitutes consent.

[3] As noted, any as-applied challenge to the current UPL is outside the scope of the complaint.

5. *Registration of Cashiers' Checks.*

The Eleventh Amendment precludes claims such as these based solely on an alleged failure to comply with state law. Additionally, plaintiffs have presented no evidence establishing any legal violation in this regard.

6. *Property seized outside the "scope" of the UPL.*

Plaintiffs' *arguments* presented in the course of this litigation (although no opposition to this motion was offered) are insufficient to create a triable issue of fact as to whether the state seized property outside the "scope" of the UPL. Additionally, at least some of plaintiffs' sub-claims in this general category raise only issues of whether defendants complied with state law, and are therefore barred by the Eleventh Amendment.

7. *Claims relating to "auditors."*

Plaintiffs have failed to introduce evidence sufficient to create a triable issue of fact as to whether the defendants violated the constitution or any federal law by retaining auditors in connection with operating the UPL program. To the extent plaintiffs' claims are based on any alleged failure to comply with state law, they are barred by the Eleventh Amendment.

8. *Claims relating to Valdes, Whitley, and Keith.*

Three named plaintiffs contend that the state is *still* holding property belonging to them, despite their demands for its return. Plaintiffs have failed to present evidence sufficient to create a triable issue of fact to support those claims.

9. *Due process and injunctive relief.*

These claims are derivative from claims discussed above.

10. *Attorney Fees and Common Fund Claim.*

Defendants argue that plaintiffs are not entitled to attorney fees under the equitable common fund doctrine because their efforts in this litigation have not, and will not ever, result in the creation of a common monetary fund. To the extent plaintiffs might otherwise be entitled to recover fees based on having conferred a benefit on the class, they have offered no argument or authority that would permit them to recover both in this action and in the matter pending in the Eastern District of California. Had plaintiffs prevailed in this action on their claim to recover interest on property taken

into state custody under the UPL, there might have been grounds to distinguish the relief they obtained here from that obtained as a result of the Eastern District proceedings. Because they did not, any relief they obtained here is duplicative of that obtained in the Eastern District and there is no basis for an additional fee award. Finally, to the extent plaintiffs believe they hold any other claims beyond those expressly discussed above, however characterized or pleaded in the complaint, their failure to articulate the basis for such claims or to present sufficient evidence to create a triable issue of fact warrants entry of summary judgment.

The Court expressly declines to reach the merits of any arguments plaintiffs have made in support of any claims that are not pleaded in the complaint, such as their contention that the revised UPL is unconstitutional as applied. Likewise, the Court expresses no opinion as to whether or not such claims may nonetheless be barred under principles of *res judicata*, on grounds that they represent matters that could have been pleaded herein; that is a question for another day. Defendants' motion for summary judgment is granted. Defendants' request for sanctions, not made in conformance with Civil Local Rule 7-9, is denied. A separate judgment will issue.

IT IS SO ORDERED.

DATED: 08/06/2010

_____
RICHARD SEEBORG
United States District Judge